**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**RICHARD E. MATTHEWS,**

**and**

**ZEM LIMITED PARTNERSHIP,**
              **Plaintiffs,**

**v.**                                                              **Civil Action No. 2:06cv175**

**BANK OF AMERICA, N.A.,**
              **Defendant.**

**ORDER AND OPINION**

This matter is before the court on defendant Bank of America's Motion to Dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6).  After examination of the briefs and record,

the court determines that oral argument is unnecessary because the facts and legal arguments are

adequately presented, and the decisional process would not be significantly aided by oral

argument.  For the reasons set out herein, the defendant's motion is **GRANTED**.

**I.  Factual and Procedural Background**

Plaintiffs Richard Matthews ("Matthews"), and ZEM Limited Partnership ("ZEM"),[1]

filed the instant lawsuit against Bank of America alleging that defendant is liable for the

improper issuance of signature guarantees to Matthews' former spouse, Karyl Rauch-Matthews

("Rauch-Matthews").  The signature guarantees at issue are part of the Securities Transfer Agents

Medallion Program ("STAMP"), a certification program established by the Securities and

Exchange Commission.   The STAMP signature guarantee program protects both investors and

_____

[1] Plaintiff Richard Matthews is the sole general partner of ZEM.

transfer agents by making it harder for an individual to forge a signature on securities certificates

or related documents.  Under such program, a medallion signature guarantee can only be

obtained at a financial institution that is a STAMP member; it is undisputed that Bank of

America is a member.

Plaintiffs' Motion for Judgment alleges that Rauch-Matthews forged Matthews'

signature, wrongfully obtained a signature guarantee from Bank of America, and was therefore

able to access and trade plaintiffs' investments without plaintiffs' permission.  Rauch-Matthews'

activities allegedly resulted in a loss of over $830,000 to plaintiffs' retirement assets and

investments.  Although Bank of America maintained an account for defendant ZEM, the Motion

for Judgment does not allege that Rauch-Matthews ever accessed funds within such account.

Matthews originally filed a three count Motion for Judgment in the Circuit Court for the

City of Portsmouth, Virginia, on November 29, 2004.  After Bank of America demurred,

Matthews moved for and was granted a non-suit.  In November of 2005, Matthews again filed a

Motion for Judgment in the same court, adding ZEM as a plaintiff and adding a fourth count

alleging conversion.  Thereafter, defendant removed the case to the United States District Court

for the Eastern District of Virginia and promptly filed the motion to dismiss presently before the

court.  Defendant's motion to dismiss alleges that all four of plaintiffs' counts are barred by the

applicable statute of limitations and, to the extent that they are considered timely, fail to state a

claim on which relief may be granted.[2]  Plaintiffs timely filed a reply to defendant's motion and

defendant filed a rebuttal; the matter is therefore ripe for review.

---

[2] Exhibits attached to defendant's motion to dismiss and associated filings reveal
Matthews' and Rauch-Matthews' social security numbers.  Because such information is of no
import to the matter before the court, the court has, on its own motion, redacted the social
security numbers in accordance with the goals set forth in the E-Government Act of 2002.

## II.  Standard of Review

A complaint should not be dismissed for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  As the court's role at the 12(b)(6) stage is to test the "legal sufficiency of the complaint, and not the facts in support of it," the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).  While the court must view the facts in the light most favorable to the plaintiffs, the court is not bound with respect to the complaint's legal conclusions.  Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991).  Furthermore, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Markets, 213 F.3d at 180.

## III.  Analysis

Plaintiffs' Motion for Judgment sets forth four counts for relief: (1) negligence; (2) breach of fiduciary duty; (3) breach of warranty; and (4) conversion.  Defendant's motion to dismiss argues that all four claims are time barred and furthermore, that the undisputed facts establish that plaintiffs have failed to state a claim for which relief can be granted under any of the four legal theories.  As discussed more fully below, because the court concludes that counts two and three are time barred and all four counts fail to state a valid legal claim for relief, defendant's motion to dismiss is granted.

**A. Statute of Limitations**

Although Federal Rule of Civil Procedure 12(b)(6) "invites an inquiry into the legal

sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein,"

dismissal based on an affirmative defense "nevertheless is appropriate when the face of the

complaint clearly reveals" the existence of such defense.  Brooks v. City of Winston-Salem,

N.C., 85 F.3d 178, 181 (4th Cir. 1996); see also American Hotel Mgmt. Associates, Inc. v. Jones,

768 F.2d 562, 568-69 (4th Cir. 1985) ("[L]imitations can be resolved as a matter of law if

undisputed facts establish the time when the cause of action accrued.").  Defendant Matthews

originally filed suit in the Circuit Court for the City of Portsmouth, Virginia, on November 29,

2004; the case was nonsuited and plaintiffs Matthews and ZEM refiled in the same court in

November of 2005.  As defendant does not allege that the limitations period should be measured

from the date the second suit was filed, the court must infer that plaintiffs refiled the instant

action within six months of the state court's issuance of the nonsuit.  See Va. Code Ann. §

8.01-229(E)(3) (2005) (providing that the nonsuited action tolls the limitations period if the

plaintiff recommences the action within six months from the date the court enters the order

granting the nonsuit).  As a result, for the purposes of this motion, the court will view November

29, 2004, as the pertinent date for statute of limitations purposes.

**1. Count One: Negligence and Count Four: Conversion**

Bank of America recognizes that the applicable statute of limitations for both plaintiffs'

negligence and conversion claims is five years.  Va. Code Ann. § 8.01-243(B); see Bader v.

Central Fidelity Bank, 245 Va. 286, 290, 427 S.E.2d 184, 187 (1993) (rejecting the defendant's

argument that the "catch-all" limitations period applies to conversion claims and instead applying

the five-year limitations period set forth in § 8.01-243(B)).  Although defendant is correct that

exhibits from the nonsuited case suggest that Rauch-Matthews and Bank of America's alleged

misconduct occurred in 1998, both the instant Motion for Judgment and the original Motion for

Judgment allege that Rauch-Matthews' misconduct giving rise to plaintiffs' claims occurred

during 2000 and 2001.[3]   Therefore, at this stage in the proceedings, the court declines to dismiss

plaintiffs' negligence and conversion claims on limitations grounds as the face of the Motion for

Judgment does not "clearly reveal" that plaintiffs' claims are time barred.

### 2. Count Two: Breach of Fiduciary Duty and Count Three: Breach of Warranty

The applicable statute of limitations for plaintiffs' breach of fiduciary duty claim is two

years.  Va. Code Ann. § 8.01-248; see Goldstein v. Malcolm G. Fries & Assoc., Inc., 72 F. Supp.

2d 620, 625 (E.D. Va. 1999) (finding that Virginia's "catch-all" limitations provision applies to

breach of fiduciary duty claims).  Likewise, as plaintiffs' breach of warranty claims are not based

on a contract, such claims also fall within the two year limitations provision set forth in Virginia

Code § 8.01-248.[4]   See Friedman v. Peoples Service Drug Stores, Inc., 208 Va. 700, 703, 160

S.E.2d 563, 565 (1968) (recognizing that a breach of warranty claim "may give rise to two

separate causes of action, one in tort and one in contract").  Because plaintiffs' Motion for

Judgment alleges that defendant's wrongful acts occurred during 2000 and 2001, and plaintiffs'

---

[3] The Motion for Judgment states that in December of 1999 and January of 2000,
Matthews decided to transfer his investments and retirement funds into a centralized account
(Mo. for J. ¶ 16).  As a result of such decision, plaintiffs claim that "throughout the year 2000
and 2001, . . . Rauch-Matthews purported to assist Matthews in transferring funds and
investments" (Mo. for J. ¶ 10).  Bank of America's alleged misconduct is associated with such
dates as plaintiffs claim that "in the process of assisting her former spouse with the transfer of
funds from one account to another, Rauch-Matthews fraudulently obtained a 'signature
guaranteed / medallion guaranteed' endorsement from NationsBank, N.A. (now Bank of
America)" (Mo. for J. ¶ 17).

[4] As discussed below in Part B.3, to the extent that plaintiffs' breach of warranty claim is
not barred by the statute of limitations, it is dismissed for failure to state a claim.

lawsuit was not filed until November of 2004, the Motion for Judgment "clearly reveals" that plaintiffs' second and third counts are barred by the statute of limitations. See Comptroller of Virginia ex rel. Virginia Military Institute v. King, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977) (recognizing that the limitations period begins "from the moment the cause of action arises rather than from the time of discovery of injury or damage, and . . . difficulty in ascertaining the existence of a cause of action is irrelevant"). As a result, defendant's motion to dismiss counts two and three on limitations grounds is granted.[5]

### B. Failure to State a Claim

As outlined below, all four counts of plaintiffs' Motion for Judgment fail to state a claim on which relief can be granted. Therefore, such claims are dismissed.

### 1. Count One: Negligence

Plaintiffs' Motion for Judgment alleges that defendant "had a duty as defined in Virginia Code § 8.8A-306 et seq.; 8.3A-406" and that defendant's breach of such duty directly resulted in Rauch-Matthews gaining access to and control over $830,000 of plaintiffs' funds. Addressing first § 8.8A-306, the text of such section plainly forecloses plaintiffs' statutory negligence claims

---

[5] Plaintiffs argue in their reply memorandum that without the benefit of discovery, plaintiffs cannot determine when Bank of America may have wrongfully issued guaranteed signature seals to Rauch-Matthews. Such argument, however, is undermined by the fact that Matthews subpoenaed documents related to the signature guarantees from defendant in 2002 in conjunction with Matthews and Rauch-Matthews divorce proceedings. Furthermore, plaintiffs, not Bank of America, have access to documentation related to the alleged fraudulent transfers as plaintiffs claim that Rauch-Matthews misappropriated funds that were not in the possession of Bank of America and that only the plaintiffs should have had access to such funds. Therefore, plaintiffs' own records, or records in plaintiffs' broker's possession, should definitively answer when misconduct occurred; discovery is unnecessary to obtain such documents. Plaintiffs' allegation in their reply brief that defendant issued guarantees after 2001 is plainly speculative and clearly an attempt to avoid dismissal pursuant to the statute of limitations; such attempt fails.

as the final subsection of 8.8A-306 states: "The warranties under this section are made to a person taking or dealing with the security in reliance on the guaranty . . . ."  Va. Code Ann. § 8.8A-306(h).  Both the plain meaning of the text and caselaw analyzing similar UCC provisions clearly indicate that an owner of a security who is unaware that a signature guarantee was issued cannot benefit from the statutory warranties as the owner cannot "rely" on a guarantee that he is admittedly unaware of.  See, e.g., Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir. 1973); Love v. Pennsylvania R.R. Co., 200 F. Supp. 561, 563 (E.D. Pa. 1961).

Turning to § 8.3A-406, the text of the statute does not create an affirmative cause of action for negligence but rather operates to bar certain causes of action.  See Va. Code Ann. § 8.3A-406(a) ("A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument . . . is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.") (emphasis added).  The Virginia Supreme court has squarely addressed the application of § 8.3A-406 and held that it does not create an affirmative cause of action for negligence.  Halifax v. Wachovia Bank, 268 Va. 641, 649-55, 604 S.E.2d 403, 405-09 (2004).  Therefore, plaintiffs also do not have a statutory negligence claim based on § 8.3A-406.  Although plaintiffs' reply brief concedes that the above cited authorities foreclose a statutory negligence claim, plaintiffs contend that a common law cause of action for negligence exists and that the statutes cited merely identify the duty which has been breached (Pl. Reply 3).

Bank of America presents two arguments in response to plaintiffs' claim that a common law cause of action for negligence exists.  First, defendant argues that the UCC preempts all common law negligence claims.  Second, defendant argues that Virginia's economic loss rule

precludes the recovery of damages for purely economic losses.  Defendant, however, fails to cite

Virginia caselaw addressing defendant's preemption argument or establishing that the economic

loss rule applies in situations beyond products liability and real property alleged to be defective.

However, this court need not undertake to resolve such issues as plaintiffs' Motion for Judgment

plainly fails to set forth a cause of action for common law negligence.

Plaintiffs contend that Bank of America was negligent in issuing a signature guarantee to

Rauch-Matthews as she had no legal interest in the funds that the signature guarantee aided her in

transferring.  However, Virginia law requires that plaintiffs who seek to establish actionable

negligence do more than merely allege "negligence" and instead requires that plaintiffs "must

plead the existence of a legal duty, violation of that duty, and proximate causation which results

in injury."  Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 132, 523 S.E.2d 826, 830

(2000).  In assessing plaintiffs' pleading, the question of whether defendant owed plaintiffs a

duty of care is a question of law for the court to decide.  Fox v. Custis, 236 Va. 69, 74, 372

S.E.2d 373, 375 (1988); Rosen v. Red Roof Inns, Inc., 950 F. Supp. 156, 158 (E.D. Va. 1997).

Here, plaintiffs fail to establish the existence of a common law duty as plaintiffs' Motion for

Judgment does not even attempt to outline a common law duty but instead merely points to a

statute that the parties agree does not apply.  Because the statutory warranties cited by plaintiffs

run only to those acting in reliance on a signature guarantee, the warranties create no duty with

respect to the owner of the securities who is unaware that a guarantee has been issued.

Likewise, even construing the facts in plaintiffs' favor and concluding that both plaintiffs

were "customers" of Bank of America in that they held accounts there,[6] such accounts merely

---

[6] The facts otherwise suggest that only ZEM held an account at Bank of America.

create a debtor-creditor relationship that is entirely unrelated to the signature guarantees at issue.

Deal's Adm'r v. Merchants' & Mechanics' Sav. Bank, 120 Va. 297, 299, 91 S.E. 135, 135

(1917) ("The relation between a bank and a depositor is that of debtor and creditor.  The deposit

creates an ordinary debt, not a privilege or right of a fiduciary character.  It is a loan with the

superadded obligation that the money is to be paid when demanded by check.").  Although

plaintiffs argue in their reply brief that the Motion for Judgment alleges that a common law duty

was violated, the Motion is devoid of any mention of a common law duty; likewise, even

plaintiffs' reply brief fails to explain how opening a bank account creates a duty that extends to

assets not held at such bank.[7]  Notably, although the Motion for Judgment alleges that plaintiffs

"relied on Defendant to safeguard their assets so as to avoid fraudulent depletion," (Mo. J. ¶ 20),

it also recognizes that defendant did not have "possession, authority, or control over any of the

funds for which a guaranteed signature endorsement is normally required" (Mo. J. ¶ 24).  Thus,

plaintiffs contend that Bank of America was somehow under a duty to "safeguard" assets that it

had no access to and no control over; unsurprisingly, plaintiffs present no legal justification in

support of such fanciful contention.  As a result, because plaintiffs are admittedly barred from

pursuing a statutory negligence claim and have failed to allege any common law duty owed by

the bank with respect to signature guarantees that had no impact on the debtor-creditor

relationship between plaintiffs and Bank of America, plaintiffs' negligence count fails to state a

claim on which relief can be granted.

---

[7] Although plaintiffs speculate in their reply brief that it is "possible" that Rauch-Matthews used signature guarantees to access assets held by Bank of America, plaintiffs' Motion for Judgment plainly fails to allege such facts.

### 2.  Count Two: Breach of Fiduciary Duty

Although the court concluded above that plaintiffs' breach of warranty claim was barred by the two year statute of limitations, absent such conclusion, the court would nevertheless dismiss count two for failure to state a claim.  For the purposes of this motion, the court assumes that both Matthews and ZEM were Bank of America "customers"; however, plaintiffs have failed to establish that a fiduciary relationship exists between plaintiffs and defendant merely because plaintiffs had one or more accounts with defendant.  As discussed above, "[t]he relation between a bank and a depositor is that of debtor and creditor" and no fiduciary duties flow from such relationship.  Deal's Adm'r, 120 Va. at 299, 91 S.E. at 135.  Plaintiffs' reply brief recognizes such debtor-creditor relationship but argues that the issuance of the signature guarantee creates a fiduciary relationship; however, plaintiffs again fail to site a single case in support of such proposition.  The court concludes that on these facts, no fiduciary relationship existed and therefore count two fails to state a claim for which relief can be granted.  See Comeaux v. First Union Nat'l Bank, 55 Va. Cir. 181, 183 (2001) (sustaining the defendant bank's demurrer on the breach of fiduciary duty count because absent a showing that the bank undertook to act as the plaintiff's agent, only a debtor-creditor relationship existed).

### 3. Count Three: Breach of Warranty

Although the court also concluded above that plaintiffs' breach of warranty claim was untimely, absent such conclusion the court would nevertheless dismiss count three for failure to state a claim.  Even considering the facts in a light most favorable to plaintiffs, the Motion for Judgment fails to establish that defendant provided any warranties to plaintiffs.  Likewise, the statutory warranties that flow from a signature guarantee only extend to "a person taking or dealing with the security in reliance on the guarantee."  Va. Code Ann. § 8.8A-306(h) (emphasis

added).  Here, although plaintiffs argue that Matthews was "entitled" to rely on the guaranteed

signatures, such entitlement is irrelevant as plaintiffs freely admit that Rauch-Matthews used the

guarantees to transfer investments without plaintiffs' knowledge.  Therefore, as there has been

"no showing that [plaintiffs] acted to [their] detriment, or, for that matter, acted at all, in reliance

on the [defendant's] guarantee," no warranties run to plaintiffs.  Love v. Pennsylvania R.R. Co.,

200 F. Supp. 561, 563 (E.D. Penn. 1961); see also 28 Egon Guttman, Modern Securities

Transfers § 14:10 (3d ed. 2005) ("The warranties of the guarantor of signature do not extend to

the owner of the security whose signature was forged, because that owner is not a person 'taking

or dealing with the security in reliance on the guarantee.'").  Therefore, count three fails to state a

claim for which relief can be granted.

### 4. Count Four: Conversion

Count four of the Motion for Judgment seeks relief premised on a theory of conversion

which requires the "wrongful exercise or assumption of authority . . . over another's goods,

depriving him of their possession."  Bader, 245 Va. at 289, 427 S.E.2d at 186 (quoting Buckeye

Nat'l Bank v. Huff, 114 Va. 1, 11, 75 S.E. 769, 772 (1912)).  Although the court must draw all

inferences in plaintiffs' favor, it is nevertheless clear that Bank of America never exercised any

control over any of the funds that plaintiffs claim were wrongfully appropriated.  To the contrary,

plaintiffs' Motion for Judgment concedes that "Defendant issued a guaranteed signature without

having possession, authority or control over any of the funds for which guaranteed signature

endorsement is normally required." (Mo. for J. ¶ 24) (emphasis added).  Thus, although the facts

as presented by plaintiffs in the Motion for Judgment are at times difficult to decipher, what is

clear to the court is that even if Bank of America did in fact wrongfully issue signature

guarantees to Rauch-Matthews, such guarantees were not utilized by Rauch-Matthews to transfer

any funds that Bank of America ever exerted control over.  Therefore, plaintiffs' conversion

count fails to state a claim on which relief can be granted.

### IV. Conclusion

After considering both the timeliness of plaintiffs' Motion for Judgment and the

underlying legal justifications for the claims contained therein, the court concludes that plaintiffs

fail to state a claim for which relief can be granted.  Plaintiffs' breach of fiduciary duty and

breach of warranty claims are plainly barred by the statute of limitations.  Furthermore, even

construing the facts in a light most favorable to plaintiffs, the Motion for Judgment fails to set

forth a legal duty in support of a common law negligence claim, fails to establish that a fiduciary

relationship existed, fails to establish that any warranties extend to plaintiffs, and fails to allege

that Bank of American ever exercised control over the misappropriated funds.  As a result,

defendant's motion to dismiss is **GRANTED**.  Accordingly, plaintiffs' Motion for Judgment is

**DISMISSED WITH PREJUDICE**.

The Clerk is **REQUESTED** to mail copies of this Order to counsel of record.

**IT IS SO ORDERED.**

                                                              /s/
                                              _____
                                                    Jerome B. Friedman
                                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June  20 , 2006